[Sac. No. 113.   Department One.—October 10, 1896.]

PETER A. JURGENSON, Appellant, v. R. DILLER,
Respondent.

Laborers' Lien—Mining Claim—Presumption of Agency for Owner.—
The presumption raised by section 1183 of the Code of Civil Procedure,
in favor of one performing labor on a mining claim, that the person
having charge of the mining was the agent of the owner, may be re-
butted; and one doing such work, with knowledge that the person
having charge of the mining did not own the property, and was not
working the mine as the owner's representative, is not entitled to a lien
thereon on any theory of his employer's agency.

Id.—Drifting in Tunnel—Notice of Nonliability.—Work consisting of
"drifting in a tunnel" is not the construction, alteration, or repair
of any building, or improvement on or in a mine, within the meaning of
section 1192 of the Code of Civil Procedure; and a laborer doing such
work, at the instance of a person not the owner, is not entitled to a lien
therefor, upon the owner's failure to post a notice of nonliability, pro-
vided for by that section.

Appeal from a judgment of the Superior Court of
Butte County and from an order refusing a new trial.
John C. Gray, Judge.

The facts are stated in the opinion.

*William J. Herrin*, and *John Guidery*, for Appellant.

*Park Henshaw*, for Respondent.

Britt, C.—Action to enforce an alleged lien for labor
on certain mining claims, together called the John Dix
mine.   Defendant became the owner by purchase at a
sale of the ground on foreclosure of mortgage, and the
sheriff's subsequent deed therefor executed March 4,
1888.   One Dix had previously been the owner, and
after said March 4th he asked and obtained leave of de-
fendant to remain on the premises, promising to take
care of the same and make no expense for defendant.
Without authority from the latter, Dix proceeded to
work the mine, and hired plaintiff for this purpose.
Under such employment plaintiff performed the labor

in question between November 1, 1888, and September 15, 1890, for which a balance remains unpaid.

It is provided in section 1183 of the Code of Civil Procedure, among various other things relating to the liens of mechanics and others on real property, that any person performing labor on a mining claim shall have a lien thereon for his work, whether done at the instance of the owner or his agent, "and every contractor, subcontractor, architect, builder, or other person having charge of any mining. . . . . shall be held to be the agent of the owner for the purposes of this chapter." It is argued that under this section Dix was a person in charge of the mining, and hence was the agent of defendant in employing the plaintiff. But the presumption raised by the statute may be repelled. (*Donohoe* v. *Trinity Min. Co.*, 113 Cal. 119.) The evidence here tended to show that when plaintiff did the work in question he knew that Dix did not own the property, and was not working the mine as defendant's representative; that Dix employed plaintiff on his own account, paid him such wages as were paid at all, and at no time assumed to act on defendant's behalf. Obviously plaintiff had no just reason to expect payment from defendant, and cannot charge a lien upon his mine on any theory of Dix's agency.

Section 1192 of the Code of Civil Procedure provides that every building or other improvement mentioned in section 1183, constructed upon any lands with the knowledge of the owner, shall be held to have been constructed at his instance, and his interest in the land shall be lienable accordingly, unless he shall, within three days after obtaining knowledge of the construction, alteration, or repair, post a written notice that he will not be responsible for the same, etc. Plaintiff urges that his claim of lien should be upheld because, he says, defendant having the knowledge mentioned in this section yet failed to post such notice. That the notice was not posted is undisputed; and plaintiff testified at the trial that on a single occasion in the year

1888 defendant was at the mine, and then saw him, plaintiff, and another man working there—"drifting in a tunnel." It was said by the court in *Williams* v. *Mining Assn.*, 66 Cal. 200, that the language of said section 1192, "which treats of buildings and improvements, and of knowledge of the construction, etc., would hardly cover a case like the one now before us." That action, like the present, was prosecuted for the enforcement of a lien for work done on or in a mine, and though the observation of the court we have quoted was unnecessary to the decision there, we think it correctly stated the law. "Drifting in a tunnel," the only work in which, so far as appears, defendant knew plaintiff to be engaged, means, as we understand the mining phrase, taking earth, gravel, or ore, from ground made accessible by means of the tunnel; is not the same as "running a tunnel"; and is not the construction, alteration or repair of any building or improvement on or in a mine—the knowledge of which must be brought home to the owner before any duty becomes incumbent upon him under said section 1192. This construction of the statute is not unjust; it is equitable to require the owner, who sees going forward an unauthorized building or other beneficial improvement upon his property, to give notice that he will not be responsible therefor (*Avery* v. *Clark*, 87 Cal. 628); but this consideration fails when the work consists in a subtractive process—the removal of the very *corpus* of the property; as well require one who sees a trespasser cutting his timber to post notice of his nonliability, under penalty of having his land subjected to a lien for the labor. The judgment and order denying plaintiff's motion for a new trial should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying plaintiff's motion for a new trial are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.