[Sac. No. 180. Department One.—March 23, 1897.]

C. W. AYERS, APPELLANT, v. THE GREEN GOLD MINING COMPANY ET AL., RESPONDENTS.

LIEN SOUGHT UPON MINING PROPERTY OF CORPORATION — WORK DONE UPON INDIVIDUAL CREDIT—CONSTRUCTIVE NOTICE INAPPLICABLE. — In an action to enforce a lien for work done in cleaning out a tunnel on the mining property of a corporation defendant, where the findings and the evidence show that the work was done wholly upon the individual credit of one of the directors of the corporation, and wholly apart from any official relation of such director to the corporation, the doctrine of constructive or implied notice to the corporation of the doing of the work is inapplicable; and no lien can be enforced against the mining property of the corporation for the work so done.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. NICOL, Judge.

The facts are stated in the opinion of the court.

*F. W. Street,* for Appellant.

The drain tunnel on the Green Mine was cleaned out and retimbered by plaintiff with the knowledge of the directors and officers of the Green Gold Mining Company, and, there having been no notice posted on the mine that the owner thereof would not be responsible for the labor performed thereon, plaintiff was entitled to a lien. (Code Civ. Proc., sec. 1192; *Fuquay* v. *Stickney,* 41 Cal. 583; *Moore* v. *Jackson,* 49 Cal. 109; *Phelps* v. *Maxwell etc. Min. Co.,* 49 Cal. 338; *West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 275; *Harlan* v. *Stufflebeem,* 87 Cal. 512.)

*F. P. Otis,* and *Minor & Ashley,* for Respondent Green Gold Mining Company.

Even though a person is an agent, if he is contracted with individually, the principal is not bound. (*Garfield* v. *Knight's Ferry Water Co.,* 17 Cal. 510; *Eaton* v. *Rocca,* 75 Cal. 94; Mechem on Agency, sec. 447.)

VAN FLEET, J.—This is an action brought by plaintiff to charge the property of the corporation defendant with a lien for certain work done by appellant in cleaning out a tunnel on the mining property of respondent. The action was brought against M. E. Crittenden, E. C. Lyles, and respondent, it being alleged that the labor was performed at the special instance and request of defendants Lyles and Crittenden, and that the latter was at the time in charge of said mine, and acting as the agent of the defendant mining company.

The court found that the work was performed for and at the special instance and request of defendants Lyles and Crittenden, but under a written contract set out in

the findings; that although defendant Crittenden was at the time a director of the corporation defendant, said contract was made with said Lyles and Crittenden "personally in their individual capacities, and not as agent or agents of defendant corporation, with the understanding and intent that the said defendants, M. E. Crittenden and Dr. E. C. Lyles, should be bound personally thereby, and not this defendant corporation, for all work that plaintiff might do or cause to be done on said mining property"; that neither of the two defendants entering into said contract at the time of the making thereof was in charge of said mining property, or the agent of the defendant corporation in the premises, or authorized "to employ plaintiff for any purpose whatever."

It is further found that the defendant mining company "had no notice or knowledge whatever that plaintiff was performing any work whatever upon the mining property" sought to be charged with the lien.

Upon these findings judgment was given in favor of the corporation defendant denying the lien, and the only material question in the case is as to whether the evidence supports the findings.

It would subserve no useful purpose to state the evidence at length, or even in substance. It is sufficient to say that upon a careful review we find in the record evidence substantially tending to support each of the findings in question, and this under firmly established principles concludes our further inquiry.

It is urged, however, in effect that the mining company had constructive, if not actual, notice of the doing of the work; that the directors and officers of a corporation are its agents, through whom alone it can act, and that the defendant Crittenden being a director at the time the work was done, her knowledge of the work is imputable to the corporation; that having such knowledge, it was incumbent upon the latter, in order to avoid liability, to post a notice on its mine, as required by section 1192 of the Code of Civil Procedure,

that it would not be responsible for the work—which notice was never given. It may be true that the corporation would be chargeable with the knowledge of Mrs. Crittenden had she been either actually or ostensibly representing or acting for it in the transaction; but both the evidence and the findings show that she was not. It appears from the evidence that at the time of the making of the contract for the work Mrs. Crittenden expressly stated to plaintiff that she was acting solely on her individual responsibility, and not for the corporation in any way; that the latter had no means, and would do nothing, and that whatever work was done she would have to pay for it out of her own private means. In fact, the evidence shows throughout that the transaction was carried on by plaintiff with a perfect knowledge that he was dealing with Mrs. Crittenden as an individual and wholly apart from any official relation she bore to the defendant mining company, and that he looked to her personally and alone for the payment of her share of the contract price of the work. Under such circumstances the doctrine of constructive or implied notice on the part of the corporation of what was being done cannot obtain.

The judgment and order are affirmed.

HARRISON, J., and BEATTY, C. J., concurred.