## HALLINAN v. HEARST et al.*

### S. F. No. 1756; December 3, 1900.

#### 62 Pac. 1063.

**Money Received—Contributions for Relief.**—Where defendant, the publisher of a newspaper, received a sum of money in response to solicitations in his paper for contributions for the relief of families of three firemen who lost their lives in the performance of their duty, plaintiff, as heir of one of the firemen, cannot maintain an action to recover his part of the amount collected, as money had and received, since the transaction created no legal right in plaintiff to any part of the money.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Thomas E. Hallinan, by his guardian, against W. R. Hearst and others. From a judgment in favor of defendants and from an order denying a new trial plaintiff appeals. Affirmed.

Ben B. Haskell for appellant; Garret W. McEnerney for respondents.

McFARLAND, J.—This is an action at law for money had and received, brought by plaintiff, through his guardian, against the defendant Hearst. Judgment went against the plaintiff, and he appeals from the judgment and from an order denying his motion for a new trial. The main features of the case are these: On June 6, 1897, Timothy Hallinan,

---

*For subsequent opinion in bank, see 133 Cal. 645, 55 L. R. A. 216, 66 Pac. 17.

John Moholy and Frank Keller, who were firemen, lost their lives in the performance of their duty in a fire in San Francisco. Immediately afterward the respondent Hearst, through his newspaper, the "Examiner," commenced to solicit contributions for the benefit of the families and dependents of these deceased firemen, and he himself gave $200 to the fund. In the articles published in the "Examiner" on the subject, and in letters written by some of the contributors, there were general expressions about the purposes intended, of which the following are fair samples: "In aid of the families of the firemen killed," "to assist those dependent upon the firemen," "those whom they supported," "for the benefit of the dependent relatives of these firemen," "for the families of the brave firemen," "for the relatives of firemen heroes," etc. There is nothing more specific or definite on the subject than is to be gathered from the foregoing expressions. Under these circumstances contributions in money were made by numerous persons to the respondent, the aggregate amount of which was $5,905.25, and respondent charges himself in an additional sum of $114.20 for interest, etc. The appellant, who is quite a young boy, is the only child and the only member of the family of the deceased fireman Hallinan, and he made demand of respondent that he pay over to appellant the one-third of said money. Respondent refused to comply with the demand, and thereupon this action was commenced.

It appears that respondent sought the advice of three well-known gentlemen of the city as to the manner in which he should distribute the money as aforesaid. They made a written report to him in which they advised him to place one-third of the money in trust in one of the trust companies of the city, to be paid to appellant at his majority. They gave the same advice as to the minor children of the deceased fireman Moholy; and as to the other deceased fireman, Keller, they advised that the remaining third be immediately distributed to his two sisters and the lady to whom he was engaged to be married, they being all of legal age. They also advised that, if either of the above-named minors should die before majority, his share should go to the charitable Fund Association of the San Francisco Fire Department. In accordance with this advice, respondent paid one-third of the money to the sisters and fiancee of Keller, and is ready to

deposit the other two-thirds when advised that this litigation is ended. These matters are of no importance in this case, except that it is proper to state them here for the purpose of showing the motives that actuated respondent in refusing to immediately pay over one-third of the funds to the appellant.

Of course, this suit is brought upon the theory that appellant has a legal present right to one-third of the fund above described, and may immediately recover it of respondent in an action for money had and received; but this theory is not well founded. The transactions above stated created no legal right in appellant or in any other person to one-third or to any part of the money placed in the hands of the respondent. There was no contract specific enough to be the foundation of any legal right in appellant. The distribution of the fund, the persons to whom it should go, the proportion that each should have, and the kind of disposition of it which would be most beneficial to the recipients, were all matters which were, in the first instance, at least, to be determined by the respondent. And it is well for people to understand that when contributions are made in the general, loose way in which those in question were made—there being no definite contract whatever on the subject—the contributors must mostly rely on not only the integrity, but the good judgment and wise discretion, of the person or persons to whom the money is given. Whether in such a case, if the money should be kept for his own use by the person to whom it was given, the contributors could recover it by an action at law, or whether a court of equity, in a proper bill, and with the proper parties before it, could by a decree devote it to the original charity, or, that becoming impossible, to some other charity, under a doctrine analogous to that of cy pres, are questions not involved in this action. In the judgment the court decreed certain things—as, for instance that application might be made to the court for leave to use such of the money as may be necessary for the proper support and maintenance of appellant during his minority—which may be of questionable authority, under the pleadings; but as these things are for appellant's benefit, and as he has no standing in this case, he is in no condition to complain of these parts of the judgment. The judgment and order appealed from are affirmed.

We concur: Henshaw, J.; Temple, J.