[Civ. No. 1287.   Third Appellate District.—April 27, 1915.]

## J. W. STREET et al., Respondents, v. ELIZABETH M. HAZZARD, Appellant.

MECHANICS' LIENS—LABOR ON MINING CLAIM—KNOWLEDGE OF OWNER'S NONLIABILITY—RECORDATION OF NOTICE UNNECESSARY.—Where a person performing labor upon a mining claim has actual notice and knowledge by a notice posted upon the claim by the owner that she would not be responsible therefor, a judgment against her is unwarranted, notwithstanding that she failed to file such notice in the office of the county recorder as required by the act of 1911 (Stats. 1911, p. 1318).

ID.—FORECLOSURE OF LIEN—JUDGMENT.—Where in an action for the foreclosure of a lien on a mining claim, the judgment declares that the plaintiff has a lien for work and labor performed without stating the amount, such judgment is a final determination of the issues, and the court has no authority to render a second judgment reciting the amount, without setting aside the first judgment.

APPEAL from a judgment of the Superior Court of the County of Plumas and from an order denying a new trial. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, for Appellant.

M. C. Kerr, for Respondents.

BURNETT, J.—It was stipulated at the trial that all of the allegations of the complaint and all the affirmative allegations of appellant's answer were true. The facts thus agreed upon are as follows: The Bushman Mining Company is a California corporation. Appellant, Elizabeth M. Hazzard, is the owner or reputed owner of a certain mining claim described in the complaint, and, on the seventh day of April, 1910, she entered into a certain agreement in writing with one Henry Adams by virtue of which he secured a working bond upon said premises with an option to purchase the same. On October 7, 1911, said Adams assigned said contract to the said Bushman Mining Company and thereafter said company was the owner of said bond and option. Thereafter said company authorized said Adams to work and develop said mining claim. On or about December 9, 1911, said Adams employed plaintiff J. W. Street to work in and about said claim as an engineer and agreed to pay him at the rate of $2.50 per day and board. That said plaintiff thereupon entered upon said work under said contract and continued till he had earned the sum of $116.25, of which only $10.80 was paid, leaving a balance due of $105.45 after deducting all just claims and offsets. On the twenty-ninth day of February, 1912, said Street filed in the recorder's office a notice of lien in due form for said amount, together with $1.50 for the costs of verification and filing of the same.

On or about December 29, 1911, the other plaintiff, R. W. Goodhue, was employed by August Goebel as foreman for said Adams to work in and about said mining claim as a miner for the sum of $2.40 per day. Under said contract Goodhue earned $67.10 of which no part has ever been paid. On or about February 29, 1912, said Goodhue filed in the recorder's office of said Plumas County his notice of lien in due form

for said amount of $67.10, together with $1.50 for the cost of verification and filing of said notice of lien.

On or about the .... day of June, 1910, and within ten days after she had obtained knowledge of the work and labor in and about said mining claim as alleged in the complaint, defendant Elizabeth M. Hazzard gave notice that she would not be responsible for the same, by posting a notice in writing to that effect, in a conspicuous place upon the said mining claim, which said notice ever since has remained and now remains posted in said place upon said mining claim. When each of said plaintiffs went to work and during all the time he was at work on said property he well knew of said notice and of the interest of said Adams and of said defendant mining corporation in said mining claim and well knew that said Adams and said mining corporation were alone responsible for his claim for wages. Each of said plaintiffs performed said work at the instance and request and upon the sole credit of said Adams or said defendant corporation, and each of them well knew at the time he commenced said work that said Elizabeth M. Hazzard would not be responsible for his labor and well knew that he must look to said Henry Adams or said defendant corporation alone for his wages during and at all times he was working.

Upon the foregoing stipulated facts it seems clear that no judgment should have been rendered against appellant. Either of the two circumstances, first, that respondents had actual notice and knowledge that appellant would not be liable for their compensation, and, second, that they extended credit entirely and exclusively to said Adams and said mining company, is sufficient to destroy the foundation for any claim against appellant or her property.

If no notice had been given to respondents that appellant disclaimed liability for the work the presumption would be indulged that the person in charge of the mining property was the agent of the owner and, if nothing were shown to the contrary, this would be equivalent to an employment by said owner. Section 1183 of the Code of Civil Procedure provides that "Every contractor, subcontractor, superintendent or other person having charge of any mining or work or labor performed in and about such mining claim or claims or real property worked as a mine, either as lessee or under a working bond or contract thereon, shall be held to be the agent of

the owner for the purposes of this chapter.'' But this is a disputable presumption and may be rebutted and overcome. ''The presumption raised by section 1183 of the Code of Civil Procedure in favor of one performing labor on a mining claim, that the person having charge of the mining was the agent of the owner may be rebutted, and one doing such work with knowledge that the person having charge of the mining did not own the property, and was not working the mine as the owner's representative, is not entitled to a lien thereon on any theory of his employer's agency.'' (*Jurgenson* v. *Diller*, 114 Cal. 491, [55 Am. St. Rep. 83, 46 Pac. 610].)

In the face of the stipulation as to actual notice and knowledge, it is of no consequence that said notice given by the owner was not filed in the county recorder's office. It seems that when the notice was posted no such requirement was found in the law, but in 1911 (Stats. 1911, p. 1318) the legislature added the provision requiring the owner to ''file for record a verified copy of said notice in the office of the county recorder of the said county in which the property or some part thereof is situated.'' The filing could have been of no possible advantage to respondents, since its purpose was entirely accomplished by the actual knowledge that they had of the facts as set forth in said stipulation. The recording of the notice is undoubtedly to convey to the persons performing the work knowledge of the nonliability of the owner. In the present instance, therefore, it would have added nothing to what was known and recognized without it.

The other circumstance, also, that respondents knew of the interest in the property of said Adams and the mining corporation and looked entirely to them for their wages and gave no credit whatever to appellant, would seem to be totally inconsistent with any theory of appellant's liability. The case would be no stronger if respondents had expressly agreed to waive any claim of lien against the property or any cause of action against appellant, as their contract in effect amounts to the same thing. ''A party desiring to hold and enforce a lien upon the property of one who did not employ him must bring his case clearly within the terms of the statute. The lien is a creation of the statute and the statute creating it must be looked to both for the right to such lien and the mode by which it may be enforced.'' (*Spinney* v. *Griffith*, 98 Cal. 151, [32 Pac. 974].)

"The appellant, in its answer, alleged that plaintiffs well knew the *status* of Pugh and his interest under the contract, and that with such knowledge they worked for Pugh, as principal and looked to him for their wages. This if true was a valid defense, and raised a material issue. (*Jurgenson* v. *Diller,* 114 Cal. 492, [55 Am. St. Rep. 83, 46 Pac. 610] ; *Ayers* v. *Green Gold M. Co.,* 116 Cal. 335, [48 Pac. 221] ; *Reese* v. *Bald Mountain, etc. Min. Co.,* 133 Cal. 290, [65 Pac. 578].) "

The transcript presents a rather peculiar situation in that two separate judgments appear to have been rendered against appellant.

The first is dated March 5, 1914, and recites: "It is ordered, adjudged and decreed that plaintiffs J. W. Street and R. W. Goodhue have a lien for work and labor performed on the hereinafter described property and said lien shall be against said property and improvements to the extent of any judgment that may be recovered in this action against defendants Bushman Mining Co., a corporation, and Henry Adams, as may be found due said plaintiffs from said defendants together with all costs of suit in this action or to be hereafter recovered herein."

In the second judgment, rendered July 2, 1914, the amount found due the plaintiffs is recited and it is directed that they "have a lien for said amounts and said costs on the hereinafter described property."

"There can be but one final judgment in an action and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy." (*Stockton etc. Works* v. *Glen's Falls Ins. Co.,* 98 Cal. 577, [33 Pac. 637].)

It would seem that the judgment of March 5 was a final determination of the issues as to appellant and the second judgment having been rendered without the first having been set aside is a mere nullity. In *White* v. *White,* 130 Cal. 599, [62 Pac. 1063], it is said: "The judgment rendered was a final adjudication of the right of the parties, and was conclusive not only as to the relief granted, but as to the relief denied or withheld. (Code Civ. Proc., sec. 1908.) Upon its entry the jurisdiction of the court over the subject-matter of the suit and the parties was exhausted, unless preserved in the mode authorized by statute. . . . After final judgment any further judgment or order materially varying the judgment is a mere

nullity. (*Barry* v. *Superior Court,* 91 Cal. 486, [27 Pac. 763]; *Hubbard* v. *Moss,* 65 Mo. 647; *Ross* v. *Ross,* 83 Mo. 100.)''

The judgment entered March 5, it may be suggested, is voidable for the reason, in addition to what has already been stated, that it lacks the essential element of the amount for which the lien is decreed. It is manifestly too uncertain in that respect to be enforced.

The appeal, it may be stated, is taken from each of said purported judgments and the order denying appellant's motion for a new trial.

The judgments and order are reversed.

Chipman, P. J., and Hart, J., concurred.