[Sac. No. 3237. In Bank.—September 21, 1922.]

PETER LEONI, Appellant, v. MARY QUINN, Respondent.

[1] MECHANICS' LIENS—REPAIR OF DEMISED PREMISES BY. LESSEES—
FAILURE TO POST NOTICE OF NONLIABILITY—EFFECT OF.—Where
under the terms of a lease the lessees were allowed to repair and
remodel the premises at their own expense and the lessor had
knowledge of the doing of the work and did not post or verify or
record any notice of nonliability as provided in section 1192
of the Code of Civil Procedure, he was liable for the cost thereof,
notwithstanding the contractor had actual knowledge of the pro-
vision of the lease that the lessor would not be called upon to
make any improvements or repairs.

APPEAL from a judgment of the Superior Court of
Sacramento County. Peter J. Shields, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Zagoren for Appellant.

C. E. McLaughlin and C. P. McLaughlin for Respondent.

MYERS, J., *pro tem.*—Plaintiff appeals from a judgment
for defendant in an action to foreclose a mechanic's lien.
There is no conflict as to the facts, and but a single question
of law is presented. The respondent, the owner of certain
real property in the City of Sacramento, leased the same to
Nicoletti and Caietti for a term of years. Under the terms
of the lease, which was in writing, the lessees were allowed
to repair and remodel the premises at their own expense, ex-
cept that the lessor agreed to pay two hundred dollars
toward the plumbing repairs, to be paid by deductions from
the monthly rental. The lease further provided that "the
said lessor shall not be called upon to make any improve-
ments or repairs whatsoever upon the said demised premises,

Statutes giving lien where owner with knowledge of the improve-
ment fails to give notice of nonliability, notes, 23 L. R. A. (N. S.)
618; L. R. A. 1917D, 584.

Mechanic's lien on realty for improvements with consent, but not
at expense, of owner of realty, notes, 11 Ann. Cas. 1082; 19 Ann. Cas.
734; Ann. Cas. 1916C, 1133; Ann. Cas. 1918C, 1019.

or any part thereof, but the said lessees agree to keep the same in good order and condition at their own expense.'' It further provided that the lessees should deposit three hundred dollars with the lessor, ''as security for the prompt and full performance of the terms of this lease,'' which was done.

The plaintiff, who was a building contractor, acted as spokesman and interpreter for the lessees in the negotiations for the lease, and was consequently familiar with the terms and provisions thereof. Subsequent to the execution of the lease the lessees let a contract to plaintiff for the repair and remodeling of the premises and he entered upon its performance. When the work was nearly completed the lessees, having lost their license, abandoned the premises without paying plaintiff for his work and materials. He thereupon duly filed his notice of lien and commenced this action for the foreclosure thereof against the respondent as owner of the premises, under section 1192 of the Code of Civil Procedure. It is admitted that respondent at all times had knowledge of the doing of the work and that she did not post or verify or record any notice of nonliability, as provided in said section.

The judgment for this defendant was based solely upon the admitted fact that the plaintiff at the time he did the work had actual knowledge of the provision of the lease to the effect that the lessor should not be called upon to make any improvements or repairs. It was pointed out in *Pacific Sash & Door Co.* v. *Bumiller,* 162 Cal. 664 [41 L. R. A. (N. S.) 296, 124 Pac. 230], that ''such contracts are good as between the owner and the lessee and serve to fix the liability as between them, but they do not affect the rights of lien claimants.'' It is earnestly contended that actual knowledge must be held to be the equivalent of the notice prescribed by the code. To so hold would be to hold in effect that the giving of an informal verbal notice would be a substantial compliance with the requirements of the section. This would amount to a repeal of the express provisions thereof which require the posting of a formal notice in writing and specifying what it must contain, and further require that a verified copy thereof must be filed for record. As was said in the case above cited, ''This provision

is for the benefit of the owner, and he must avail himself of it, or otherwise, according to its terms, his interest will be liable for the lien.''

[1] But it is urged that the appellant, having performed the labor with full knowledge of the provision of the lease above quoted, must be deemed to have given credit solely to the lessees and to have waived his right of recourse against the property of the owner. Aside from the fact that to so hold would be to disregard the plain provisions of the statute, it cannot be said that the appellant elected to give credit only to the lessees. He must be deemed to have known of the provisions of the mechanic's lien statutes and the security thus afforded him. The provisions of the lease affected only the reciprocal rights and obligations of the parties thereto. The respondent gave no notice, either in writing or otherwise, that she intended to avail herself of the exemption offered by the code section. Indeed, we might conclude with greater reason that, for the sake of getting this work done, she was willing to waive the exemption of the statute and to rely for her own protection upon the financial responsibility of the lessees, and the security which she held.

What was said in *Jurgenson* v. *Diller*, 114 Cal. 491 [55 Am. St. Rep. 83, 46 Pac. 610], and *Reese* v. *Bald Mountain etc. Co.*, 133 Cal. 285 [65 Pac. 578], is not in point here. As was expressly pointed out in the latter case, section 1192, Code of Civil Procedure, was not applicable to either of those cases because they involved subtractive mining which was not "the construction, alteration or repair of a building or other improvement." In *Ayers* v. *Green Gold M. Co.*, 116 Cal. 333 [48 Pac. 221], it was expressly held that this section was not there applicable because the owner had no knowledge or notice of the doing of the work. *Street* v. *Hazzard*, 27 Cal. App. 263 [149 Pac. 770], is not in point for the reason that it was there stipulated that the owner had posted the notice of nonliability in full compliance with all of the requirements of the section as it then read (before the amendment of 1911).

The case of *Pasqualetti* v. *Hilson*, 43 Cal. App. 718 [185 Pac. 693], in which an application for rehearing was denied by this court, is squarely in point here, and goes

even further than is necessary to sustain appellant's contentions in the instant case. It was there conceded that the owner had in due time posted written notice of nonliability which fully complied in all respects with the requirements of the section; that within the required time a true copy thereof had been filed for record; and that the plaintiff had actual knowledge thereof. It was held, notwithstanding these facts, that the owner's interest in the property was subject to the lien, for the sole reason that the copy of the notice which was filed for record was acknowledged before a notary public instead of being verified as the law requires.

It must be held that mere knowledge on the part of the lien claimant that the owner intends or desires to avail himself of the exemption offered by the statute is not sufficient to debar him from the enforcement of his lien, at least in the absence of circumstances sufficient to create an estoppel against him, which do not here exist.

The judgment is reversed.

Wilbur, J., Lennon, J., Waste, J., Lawlor, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.