[No. 2224]

# VERDI · LUMBER COMPANY (A CORPORATION), RESPONDENT, *v.* M. B. BARTLETT AND MRS. M. B. BARTLETT, HUSBAND AND WIFE, APPELLANTS.

[161 Pac. 933]

1. MECHANICS' LIENS—NOTICE REPUDIATING LIABILITY—STATUTES.

   Rev. Laws, 2213, provides for a lien, whether work is done or material furnished at the instance of the owner or his agent, and that every contractor, subcontractor, architect, builder, etc., in control shall be held to be the owner's agent. Section 2221 provides that every building or other improvement constructed with the knowledge of the owner shall be held to have been constructed at his instance, and his interest shall be subject to lien, unless within three days after he shall have obtained knowledge of the construction he shall give notice that he will not be responsible, by posting notice in writing on the land or building. Alterations were made on a building, and the contractors for the work with the owner ordered lumber. After work had been commenced, the owners posted a notice of nonliability. *Held*, that such notice could not affect the lien under section 2213, since section 2221 merely imposes an active duty upon the owner to repudiate liability for improvements made or materials furnished without his consent, and not to the case where the order is given by his agent.

2. STATUTES—CONSTRUCTION—HARMONIZING PARTS OF ACT.

   Instead of construing one section of an act as repealing another section in part, courts rather seek to harmonize the different parts of the act, or different acts in *pari materia*, so as to enable them all to stand.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by the Verdi Lumber Company, a corporation, against M. B. Bartlett and wife. From a judgment for plaintiff, defendants appeal. **Judgment affirmed.**

*P. M. Bowler, Geo. A. Bartlett,* and *Geo. B. Thatcher,* for Appellants:

The question presented was not as to the sufficiency of the posting, but whether under the statute, when work is done and material furnished at the instance of the owner, through a contractor, the property is liable, even though a notice of nonresponsibility be posted.

The sections of the statute involved (Rev. Laws, 2213, 2221) must be construed in *pari materia*. The owner,

having posted timely notice, is in no manner responsible. One who sells material to a materialman can claim no lien therefor, as the statute makes no provision therefor. (*Roebling Sons Co. v. Humboldt Electric L. Co.*, 112 Cal. 288; *Wilson v. Hind*, 113 Cal. 357.) A materialman is one who agrees to provide material, and who does furnish it. The one who provides the material for the contractor and materialman cannot, by the statute, be entitled to a lien; he is relegated to his action and the statutory remedy of attachment.

The posting of the nonresponsibility notice is matter of defense. "Such notice, if given, is matter of defense to be set up by defendant." (*West Coast L. Co. v. Newkirk*, 80 Cal. 277; *Fuguay v. Stickney*, 41 Cal. 583; *Moore v. Jackson*, 49 Cal. 109; *Phelps v. M. C. G. M. Co.*, 49 Cal. 339; *Harlan v. Stufflebeem*, 87 Cal. 508; *Evans v. Judson*, 120 Cal. 282; *Gould v. Wise*, 18 Nev. 253; *Rosina v. Trowbridge*, 20 Nev. 106; *Hines v. Miller*, 122 Cal. 518; *Wheaton v. Berg*, 52 N.W. 926; *Allen v. Rowe*, 23 Pac. 901; *T. & G. Trust Co. v. Wrenn*, 56 Pac. 273.)

If the structure or building, alteration or repair be done with the knowledge of the owner, he is responsible, unless by proper notice he disavow responsibility. (*Cross v. Tscharing*, 39 Pac. 540.) Thus showing availability of nonresponsibility notice. (*Cutler v. Streigel*, 30 Pac. 326.)

When materials are supplied to a contractor under an ordinary sale on credit, no lien is acquired therefor on the land of a person upon which the material is used. (*Wagner v. Darby*, 30 Pac. 475.) A person contracting to furnish material and construct a building is a materialman only. (*Wilson v. Hind*, 113 Cal. 357; *Darlington M. & L. Co. v. Lobitz*, 46 Pac. 482.)

A materialman who merely furnishes material to be used in a building is not a contractor or subcontractor, and cannot subject the property to liens in favor of the person from whom he, in the first instance, purchases the material. (*Pacific Rolling M. Co. v. Hamilton*, 61 Fed. 476; *Pacific Rolling Mill Co. v. Construction Co.*, 68 Fed.

966; 20 Am. & Eng. Ency. Law, 336; *Horton* v. *Carlisle*, 2 Disn. 184.)

*H. R. Cooke,* for Respondent:

Where the owner of property contracts directly for the construction of improvements upon his property, work done or material furnished for the purpose is done for and furnished to the owner of the property. · (Rev. Laws, 2213, 2215.)

It is the general rule that where a lease contains a provision authorizing the lessee to make improvements "by deducting the cost thereof from the rent, or where part of the consideration of the lease is the making by the lessee of improvements which become a part of the realty, or that the improvements made by the lessee shall revert to the owner, a mechanic's lien may attach to the property for work done or materials furnished, pursuant to a contract with the lessee." (27 Cyc. 58; *Kremer* v. *Walton,* 16 Wash. 139, 47 Pac. 238; *Shaw* v. *Spencer,* 57 Wash. 587, 107 Pac. 383; *Whitcomb* v. *Gans,* 90 Ark. 469, 119 S. W. 676; *Potter* v. *Conley,* 83 Kan. 676, 112 Pac. 608; *Western Lumber Co.* v. *Merchants'. Amusement Co.,* 13 Cal. App. 4, 108 Pac. 891; *Wallinder* v. *Weiss,* 119 Minn. 412, 138 N. W. 417; *Lumber Co.* v. *Nelson,* 71 Mo. App. 110; *Crandall* v. *Sorg,* 198 Ill. 48, 64 N. E. 769; *Jones* v. *Menke,* 168 N. Y. 61.)

In order that the owner's interest be subject to a lien, it is essential that he either contracted for the improvement, or else that it was done at his instance. His interest might be protected by the posting of a non-liability notice, "unless he required the improvements to be made." (*Wallinder* v. *Weiss,* 138 N. W. 417; *Shaw* v. *Spencer,* 107 Pac. 383; *Lumber Co.* v. *Nelson,* 71 Mo. App. 110.)

The nonliability notice was not posted within three days after appellants had knowledge of the intended construction. (Rev. Laws 2221; *Western Lumber Co.* v. *Merchants' Amusement Co.,* 108 Pac. 891.) Unless the

owner bring himself squarely within the terms of the statute, he cannot effect exemption of his property. (*Rosina* v. *Trowbridge*, 20 Nev. 106, 17 Pac. 751; *Santa Monica L. & M. Co.* v. *Hege*, 48 Pac. 69; *Evans* v. *Judson*, 52 Pac. 585.)

A contractor agreeing to construct a building and furnish material therefor is not a materialman. When a contractor undertakes to furnish material and labor, he simply means to inform the owner that the entire job complete will cost the sum agreed upon, and that the owner can deal with the contractor for the entire work. Persons furnishing material to the principal contractor are entitled to a lien therefor. (27 Cyc. 99; *City of Salem* v. *Lane & Bodley Co.*, 82 Am. St. Rep. 481; *Richmond* v. *Richmond*, 68 Fed. 105, 34 L. R. A. 625.)

By the Court, COLEMAN, J.:

This is an appeal from a judgment and decree of foreclosure of a mechanic's lien, entered in the district court in and for Nye County. Appellants, who were the owners of a certain lot, and a building situated thereon, in the town of Tonopah, entered into a contract with Kelleher & Kuhlman, on or about September 1, 1913, for the making of certain alterations and additions to the said building. Pursuant to the contract, the contractors were to furnish all materials necessary in the making of the alterations and additions. The respondent, the Verdi Lumber Company, furnished and delivered to the contractors, upon their request, at the property mentioned, certain lumber and other building material, which were used by the contractors in making the alterations and additions contemplated by the contract. The contractors having failed to pay for the lumber and material so purchased, the company filed its lien statement, and in due time brought this action to foreclose the same.

Section 1 of an act entitled "An act to secure liens to mechanics and others, and to repeal all other acts in relation thereto," approved March 2, 1875 (Stats. 1875, c. 64), being section 2213 of the Revised Laws of 1912, read s:

"Every person performing labor upon, or furnishing material of the value of five (5) dollars or more, to be used in the construction, alteration or repair of any building or other * * * structure, has a lien upon the same for the work or labor done or material furnished by each, respectively, whether done or furnished at the instance of the owner of the building or other improvement, or his agent; * * * and every contractor, subcontractor, architect, builder, or other persons, having charge or control of any * * * or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner, for the purposes of this chapter."

Section 9 of the same act reads as follows:

"Every building or other improvement mentioned in section 1 of this act, constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner or person having or claiming an interest therein shall, within three days after he shall have obtained knowledge of the construction, alteration, or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situate thereon."

Several days after work had been commenced upon the property pursuant to the contract, a notice of nonliability, such as contemplated by said section 9, was posted upon the property by appellants.

Several reasons are urged why the judgment should be reversed; but, in the view which we take of the case, we deem it necessary to consider only one question, and that is, conceding that the notice of nonliability was posted in apt time, and in a conspicuous place, did it accomplish the purpose intended by it?

While appellants contend that they never became liable to respondent, because of the posting of the notice, respondent asserts that it was not the intention of the legislature that section 2221 should apply to a situation such as is here presented, upon the theory that, under section 2213, Kelleher & Kuhlman were the agents of appellants, and that the appellants were bound by the acts of their agents just as much as they would have been had they ordered the lumber and other supplies themselves, and that, if appellants had themselves ordered the materials, they could not have relieved the property from the liability by posting a notice of nonliability.

A clause similar to the last one in section 2213, *supra*, making "the contractor, subcontractor, architect, builder, or other person having charge of the work," the agent of the owner, is embodied in the mechanic's lien statutes of many of the states; and, so far as we have been able to find, the courts have uniformly given such language its plain and ordinary meaning, and have held that supplies and other materials ordered by persons in any of the named classes were proper to be secured by a lien, with the same force and effect as if ordered by the owner himself. In fact, the intention of the legislature in using the language making the contractor, etc., the owner's agent is so clear that the courts have not found it necessary to construe it very often.

**1.** If the language of section 2213, *supra*, is given its plain meaning, and if the principal is as much bound by the acts of his agent as if he had acted for himself, how can the mere posting of a notice, such as contemplated in section 2221, *supra*, by the owner of the property, relieve him of liability under circumstances such as are presented in the case at bar? To sustain appellants' contention, we must hold that in so far as the circumstances of this case are concerned, so much of section 2213, *supra*, as provides that the contractor, etc., is the agent of the owner is repealed by section 2221, *supra*. Courts do not favor any such consequence when it can be avoided, but rather seek to so harmonize the different parts of acts,

and different acts which are in *pari materia*, as to enable them all to stand.   We are convinced that the legislature never intended by section 2221 to convey any such idea as contended for by appellants, for if it did, we would have the absurd situation of an owner of property being able to order supplies, directly or through a duly authorized agent, procure their delivery, and then, pursuant to the preconceived plan, post a nonliability notice and escape liability therefor.   It ought to require no argument to refute such a preposterous contention.

But, fortunately, it has not been left for us to become pioneers in interpreting this statute, for similar questions have received the consideration of other courts.   The most recent case in point is that of *Oregon Lumber & Fuel Co.* v. *Nolan,* 75 Or. 69, 143 Pac. 935, 146 Pac. 474.   That was a case in which Nolan, the owner of a certain lot, gave a lease upon condition that the lessee should erect thereon a building, by the terms of which lease it was agreed that the lessee should not suffer any lien to be filed against the property.   The lessee entered into a contract with a builder for the erection of a building upon the lot.   During the erection of the building the contractor failed, and liens were filed.   On the day following the commencement of the work of digging the foundation for the building, Nolan posted a nonliability notice. In the foreclosure suit he took substantially the same position as has been taken by appellants in this case.   In passing upon Nolan's contention, the court said:

"The terms of the contract between himself [Nolan] and Blanchard [the lessee] required the latter, without any choice on his part, to construct a building.   Although this stipulation was coupled with a lease and an option to purchase the premises, yet its legal effect is to make Blanchard a contractor for the erection of a building which, by the terms of the contract, was eventually to become the property of Nolan and to increase the value of his holdings.   These conditions made Blanchard the statutory agent of Nolan within the scope of section 7416, L. O. L., so that one furnishing material or labor at the

instance of such an agent for the erection of a building
would be entitled to a lien on the realty on which it was
situated if Nolan owned the fee.    Under such circum-
stances the law imposed upon Nolan's property certain
obligations to those who should furnish materials for the
erection of the house at the instance of his statutory
agent.    Laborers and materialmen, covenanting with
Blanchard either directly or through subcontractors, have
rights in the premises arising by operation of law which
Nolan and Blanchard cannot destroy by contract between
themselves.    Although each for himself could properly
stipulate to waive the provisions of the statute in his
own favor, yet without the consent of materialmen who
are strangers to that contract, 'they cannot waive nor
impair the rights which the law confers upon such claim-
ants.    (*Hume* v. *Seattle Dock Co.*, 68 Or. 477, 137 Pac.
752, 50 L. R. A. n. s. 123.)    If Blanchard had been only
a tenant of the premises, without any obligation on his
part to erect a building, and under such circumstances
had contracted for the erection of the structure, only his
leasehold estate would have been primarily liable, under
section 7417, L. O. L., for the materials and labor fur-
nished.    Yet even then the fee owned by Nolan also
would have been liable under section 7419, if he knew of
the work, unless he had given the notice mentioned
therein, and this because there would then have been no
contract to which Nolan was a party contemplating the
compulsory erection of the building.    This is in accor-
dance with the principle, so often announced by this
court, that to support a lien there must be some con-
tractual relation, either directly or indirectly between
the lien claimants and the holder of the realty interest
sought to be charged.    Here, however, Nolan himself
has in unmistakable terms directly made an agreement
with his contractor, Blanchard, to build the house.    He
holds out Blanchard to the world as the person having
charge of the construction of a building on Nolan's
land.    He cannot repudiate any of the terms or condi-
tions which the law itself visits upon such a convention

for the benefit of persons named in the statute. The distinction between cases where improvements are at the option of a tenant or mere acquiescence of the landlord, entailing no right to a lien when proper notices are given, and the other class of cases where the improvement is compulsory on the part of the tenant, making him a contractor with the landlord, with the consequence that liens may be claimed against the fee for materials or labor furnished, is clearly pointed out by Mr. Justice Dunbar in *Stetson-Post Mill Co.* v. *Brown*, 21 Wash. 619, 59 Pac. 507, 75 Am. St. Rep. 862. See, also, *Hall* v. *Parker*, 94 Pa. 109; *Boyer* v. *Keller*, 258 Ill. 106, 101 N. E. 237, Ann. Cas. 1916B, 628; *Curtin-Clark Hdw. Co.* v. *Churchill*, 126 Mo. App. 462, 104 S. W. 476; *Western Lumber & Mill Co.* v. *Merchants' Amusement Co.*, 13 Cal. App. 4, 108 Pac. 891; *Arctic Lbr. Co.* v. *Borden*, 211 Fed. 50, 127 C. C. A. 486."

See, also, *Warde* v. *Nolde*, 259 Mo. 285, 168 S. W. 596; *Western L. & M. Co.* v. *Merchants' Amusement Co.*, 13 Cal. App. 4, 108 Pac. 892.

2. We have quoted at some length from the case mentioned because it fully and clearly presents the views of the courts which have been called to pass upon the question involved, as well as our interpretation of the statute. We are clearly of the opinion that by section 2221, *supra*, it was not the intention of the legislature that an owner might exempt his property from a lien for materials furnished for improvements, alterations, or additions upon his property, no matter whether the materials were ordered by himself or by his legally constituted agent, but that it was the intention of the legislature that the owner might be enabled to exempt his property from a lien in cases where improvements were made by one who occupied a relationship to the owner pursuant to which the owner was not charged with knowledge that improvements were to be made at the time the relationship was created, but became aware of the making of improvements thereafter. Any other construction of the section in question would necessitate our holding that

section 2221 substantially repeals section 2213, so far as they are in conflict.

Section 2221 was not, in our opinion, intended to narrow the scope and effect of section 2213, but rather to give a lien in cases not covered by the latter section. In other words, section 2213 expressly provides that liens might be acquired where materials were furnished at the request of the owner or his legally constituted agent, while by section 2221 an active duty is imposed upon the owner to repudiate liability for improvements made or materials furnished without his consent, within three days after acquiring knowledge thereof, and by his failure to do so he is, in effect, estopped from denying the authority of his tenant, or other person authorizing the improvements, because of which the property must be held subject to a lien. No other construction can be given to section 2221 which will harmonize the two sections.

For the reasons given, it is ordered that the judgment appealed from be affirmed.

McCARRAN, J.: I concur.

NORCROSS, C. J., did not participate.

*Per Curiam:*

Petition for rehearing denied.