(October 23, 1916.)

# WILLIAM FENN, Respondent, v. LATOUR CREEK RAILROAD COMPANY, a Corporation, and H. C. WATSON, Appellants.

[160 Pac. 941.]

EMPLOYER AND EMPLOYEE—LIABILITY FOR INDEBTEDNESS—CONSTRUCTION OF STATUTE—LIENS FOR WORK AND LABOR—WITNESS FEES.

1.  Chapter 170, Sess. Laws 1911, p. 565, which provides for the protection of employees who are discharged or quit their employment without having received the wages due them, by its terms is limited to the employer of labor, and does not embrace an owner of property upon which labor is performed, when such owner was not the employer of the persons who performed such labor.

2.  *Held,* there is no provision of the statutes of this state under which a lien may be created against property of a railroad corporation for board furnished by a boarding-house keeper to the employees of a contractor; or in favor of a third party for horses hired from such party by a contractor and used in the construction of railroad works; or in favor of a third person for horse feed furnished to a contractor while engaged in the construction of such railroad works.

[As to necessity that materials for which mechanic's lien is claimed be incorporated in structure, see note in Ann. Cas. 1913B, 502.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robt. N. Dunn, Judge.

Action to foreclose five liens. Judgment for plaintiff. Cause remanded, with instructions to modify judgment, and the judgment as so modified *affirmed.*

Edward H. Berg, for Appellants.

The benefit derived by the owner of the property from the labor, assuming that the labor which they claimed had been

---

The question of whether food furnished contractor for employees and teams is material giving liens on railroad is discussed in a note in 15 L. R. A., N. S., 509.

rendered, was only $319.75, while the penalties amounted to $390.

The decision of the court in *Anderson v. Great Northern Ry. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127, of course disposes of the board bill, feed bill and horse hire involved in the case at bar.

The law clearly refers only to employers, as that term is used, and the court cannot strain this law to apply to owners of property, not employers, and have regard for the rule of law that a statute of this nature must be strictly construed. (*Arkansas Stave Co. v. State,* 94 Ark. 27, 140 Am. St. 103, 125 S. W. 1001, 27 L. R. A., N. S., 255; 26 Cyc. 1025.)

Sec. 5110, Rev. Codes, has reference only to materials which enter into the construction or repair of such improvements, and does not mean supplies used or consumed in connection with the work, which supplies do not enter into and compose the permanent improvements. (*Naylor v. Lewiston etc. Ry. Co.,* 14 Ida. 789, 96 Pac. 573.)

McFarland & McFarland, for Respondent.

The legislature intended, and so this court held, to compensate employees for the time, not exceeding thirty days, they spend in waiting to be paid for their labor. (*Olson v. Idora Hill Min. Co.,* 28 Ida. 504, 155 Pac. 291.)

BUDGE, J.—This action was brought by respondent to foreclose, against the property of appellant railroad company, five liens, one held by respondent in his own right, and four which had been assigned to him. Two of the liens were for work and labor performed in the construction of appellant's railroad; one, that of Cahill, was for such labor and for board furnished to men working upon the railroad grade; one, that of Mrs. Richards, for team hire; and the fourth, that of Francis, for such labor and for horse feed. The board, team hire, and horse feed were furnished to one Watson, a contractor for the appellant railroad company, and not to said company.

The trial court awarded judgment of foreclosure in favor of respondent not only for the full amount of the liens, which was $319.75, but also for penalties covering the liens for labor for a period of thirty days, amounting to $390; for witness' fees in favor of each lienholder at $3 per day and twenty-five cents per mile, amounting to $39.60; for costs for filing each lien, amounting to $26.20; and for $150 attorney fees; making a total of $1,096.20.

From this judgment the present appeal is taken, and for a reversal of this judgment counsel for appellant assigns and relies upon eleven assignments of error, all of which involve the sufficiency of the evidence to support the findings of fact made by, and the judgment of, the trial court, and will be disposed of together.

At the outset it is conceded that the property of appellant is subject to the liens for work and labor actually performed upon appellant's railroad right of way; for the costs of filing such liens; and for reasonable attorney's fee for the foreclosure thereof. This would be true whether such labor was performed at the instance of the appellant or its contractor, Watson.

The respondent seeks also to subject the property of the appellant company to penalties, as provided in chapter 170 of 1911 Sess. Laws, p. 565, which provides as follows:

"Section 1. Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary due them, in cash, lawful money of the United States, or its equivalent, or shall fail or refuse on demand to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor; *provided, however*, he shall cease to draw such wages or salary thirty (30) days after such default.

"Sec. 2. Every employee shall have such lien and all other rights and remedies for the protection and enforcement of such salary or wages as he would have been entitled to had he rendered services therefor in manner as last employed."

From the record in this case it clearly appears that all the lienholders were hired by H. C. Watson, a contractor of the appellant company, who was also made a joint defendant with appellant company, and that they were not employed by the appellant company. Their testimony shows that they never had any agreement of employment with appellant company; that they were never discharged or laid off by said company; and that they made no demand upon it for their pay. In other words, no contractual relationship existed between the appellant company and the lienholders. This being true, it is our opinion that under the provisions of the statute set out above the appellant company is not liable for statutory penalties. The statute, by its terms, is limited to the employer of labor, and it cannot be so construed as to embrace the owner of property upon which labor is performed, when such owner was not the employer of the laborers in question. The judgment of the trial court, in so far as it undertakes to assess penalties against the appellant company, is void.

The next question for our consideration is the validity of that portion of the judgment covering board furnished employees of the contractor, amounting to $129.45; horse hire amounting to $36; horse feed amounting to $5.20; and the expenses of filing the liens covering these three claims.

We are aware of no statutory authority under which a lien may be created in favor of a third party against property of an owner for an indebtedness incurred for horse hire by a contractor, or for horse feed furnished to a contractor; nor do we know of any statutory authority pursuant to which a lien may attach to the property of one in favor of a boarding-house keeper for board furnished employees of a contractor, engaged in the construction of a railroad grade or works.

In the case of *Anderson v. Great Northern Ry. Co.*, 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127 (a case which, although not directly in point, involves the same principles

as the case now under consideration), this court declared unconstitutional that part of chapter 226, Sess. Laws 1911, p. 727, which provided that "Every person, firm, company or corporation selling or furnishing supplies, groceries, feed or other necessaries to any contractor, boarding-house keeper or other person, firm or corporation, to be used upon and while such contractor, boarding-house keeper or other person, firm or corporation, or the employer of such contractor, boarding-house keeper or other person, firm or corporation, is engaged in obtaining, securing, cutting or manufacturing sawlogs, spars, piles, cordwood, ties or lumber, has a lien upon the same for the value of the supplies, groceries, feed or other necessaries so furnished," for the reason that it did not provide for notice to such owner, and therefore constituted the taking of property without due process of law. Among other things, the court said in that case:

"It furnishes the owner of the property no notice and affords him no method of protecting himself against any such claim, and charges him with a claim which may equal or exceed the value of the property, although he has paid the contract price to the men who actually did the labor. . . . . When the owner of property makes a contract to have work done on such property, he presumably contracts to pay the full value of such work, and he certainly cannot foresee what groceries, feed, and supplies the contractor or laboring men may purchase or need in course of the performance of such work. Men must eat, and teams must be fed, whether they be working or not, and to charge a property owner or one having building done or material furnished with all the 'supplies, groceries, feed or other necessaries' which the contractor or any of his men may purchase and use during the performance of such work, without giving or serving any notice thereof on the person to be charged, would certainly be taking the property of one man and giving it to another without 'due process of law' and without affording the party 'the equal protection of the law.' "

It therefore follows that that portion of the judgment in favor of respondent covering penalties amounting to $390;

board furnished employees of the contractor, amounting to $129.45; use of horses hired by said contractor, amounting to $36; horse feed, amounting to $5.20; and the costs of filing the lien for team hire, that particular lien having been filed for team hire exclusively, is void.

This cause is remanded, with instructions to the trial court to modify its judgment in accordance with the views herein expressed, and the judgment as so modified is *affirmed.* Costs are awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.