[Civ. No. 2967. First Appellate District, Division One.—October 22, 1919.]

JOSEPH PASQUALETTI, Appellant, v. ABRAHAM HILSON et al., Respondents.

[1] MECHANICS' LIENS—NOTICE OF NONRESPONSIBILITY—ACKNOWLEDGMENT OF NOT SUFFICIENT.—The acknowledgment and filing for record of a copy of notice of nonresponsibility does not constitute a sufficient compliance with the requirements of section 1192 of the Code of Civil Procedure, which requires the owner to "file for record a verified copy of said notice."

[2] ID.—CONSTRUCTION OF SECTION 1192, CODE OF CIVIL PROCEDURE—STRICT COMPLIANCE ESSENTIAL.—Section 1192 of the Code of Civil Procedure, as amended in 1911, was intended to require a strict compliance with its provisions on the part of owners of property upon which work or labor was to be done or materials furnished in order to relieve themselves from responsibility for the value of the same under the provisions of chapter 2 of title IV of the Code of Civil Procedure, relating to the liens of mechanics, materialmen, and laborers.

[3] ID.—"VERIFICATION"—MEANING OF TERM.—The term "verified" wherever used in the Code of Civil Procedure requires the oath or affidavit of the party executing the instrument in order to amount to a sufficient verification thereof.

[4] ID.—ACTUAL NOTICE OF CLAIM OF NONRESPONSIBILITY—COMPLIANCE WITH STATUTE NOT WAIVER.—The facts that notice of nonresponsibility was posted upon the property upon which labor was performed and materials furnished and that the lien claimant had actual notice of such claim do not render the filing of such notice in the form required by the statute immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

N. A. Dorn and C. D. Dorn for Appellant.

Jos. E. Bien and Abram M. Marks for Respondents.

RICHARDS, J.—This is an appeal by plaintiff from a judgment in favor of the defendants in an action brought by plaintiff to foreclose a mechanic's lien for labor and material alleged to have been supplied upon certain premises of which the defendant Abraham Hilson was the owner and Gee Wo Co. and Won Hink were lessees.

The labor was performed and the material supplied in pursuance of a written contract between plaintiff and the said lessees of the property. Upon the trial of the cause the court rendered its judgment in favor of the plaintiff as against said lessees, but adjudged that as against the defendant Abraham Hilson the plaintiff was entitled to take nothing, and judgment was accordingly rendered in Hilson's favor.

The sole question presented on this appeal is as to whether the said defendant and respondent Hilson had given such notice of nonliability under the provisions of section 1192 of the Code of Civil Procedure as to be relieved of responsibility for the labor and materials furnished by the plaintiff upon his premises.

It appears from the findings of the court that the respondent Hilson posted notice of nonliability upon the premises in question, and also that he undertook to file for record a copy of such posted notice in attempted compliance with the requirements of said section of the code. The language of the code which prescribes that the owner of the premises may relieve himself from liability for work, labor, or materials furnished upon his premises requires that he "give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon the property; and shall also, . . . file for record a verified copy of said notice in the office of the county recorder of the county in which said property or some part thereof is situated." [1] It is a conceded fact in the record before us that the copy of the notice of nonliability which the respondent Hilson attempted to file and did in

fact file for record under the provisions of this section of the code contained his acknowledgment thereof before a notary public in conformity to the general form of acknowledgments provided by law, but that it did not contain any other or further verification than said acknowledgment. It is the contention of the appellant herein that such acknowledgment of said notice did not amount to a sufficient compliance with the requirements of the section of the code above quoted, and did not constitute a verification of said notice within the meaning of said section so as to relieve the said respondent from responsibility to the appellant herein.

We are constrained to agree with the contention of the appellant in this regard. [2] Section 1192 of the Code of Civil Procedure, as the same was amended in 1911, [Stats. 1911, p. 1313], was evidently intended to require a strict compliance with its provisions on the part of owners of property upon which work or labor was to be done or materials furnished, in order to relieve themselves from responsibility for the value of the same under the provisions of chapter 2 of title IV of the Code of Civil Procedure, relating to the liens of mechanics, materialmen, and laborers. The language of said section of the code requires the filing for record of "a verified copy of said notice in the office of the county recorder." [3] The term "verified" wherever used in the Code of Civil Procedure of this state requires the oath or affidavit of the party executing the instrument in order to amount to a sufficient verification thereof; and we are entirely satisfied that the use of the term "verified" in the particular section of the code under review carried this meaning. This view is strengthened by the further and concluding clauses of said section which, after providing what the notice in question should contain, expressly requires that the copy thereof to be recorded shall be "verified by anyone having knowledge of the facts." It would seem to be quite clear that a mere acknowledgment of the execution of such a notice by the person signing the same would not amount to a verification thereof and would not suffice to satisfy the requirements of these clauses of the section of the code in question in that regard. And it follows necessarily that the copy of the motive of nonresponsibility which was filed for record

by said respondent Hilson was insufficient to constitute a compliance with said section of the code so as to relieve him from responsibility to the plaintiff.

[4] It is, however, contended by said respondent that since the notice in question was posted upon the property upon which the plaintiff performed his labor and furnished his supplies, and the court found as a fact that the plaintiff had actual notice of the respondent's claim of nonliability, the failure of the respondent to file said notice in the form required by the statute becomes thereby immaterial. In support of such contention the respondent directs our attention to the case of *Street* v. *Hazard,* 27 Cal. App. 263, [149 Pac. 770], which seems to sustain said contention. An examination of that case, however, discloses that the notice which was therein held sufficient was given prior to the date of the amendment to said section of the code requiring the recordation of a copy of the posted notice of nonliability on the part of the owner of premises, and hence the ruling of the court in said case is not pertinent to the case at bar.

The respondent further contends that the claim of lien filed by the plaintiff herein was insufficient in form, and for that reason he was not entitled to recover in this action as against the respondent Hilson. This contention we find to be without merit, since an examination of the plaintiff's claim of lien discloses that it contains all of the statutory requirements for such an instrument, and that there is no variance between the form and contents of said claim of lien and the averments of the plaintiff's amended complaint; nor is there any material variance between the contents of said claim and the proofs proffered by the plaintiff upon the trial of the cause.

It follows that the trial court was in error in its conclusions of law and judgment that the plaintiff was entitled to take nothing as against the respondent Hilson.

Judgment reversed.

Kerrigan, J., and Beasly, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1919.

All the Justices concurred, except Melvin, J., who was absent.