## GEORGE ET AL. v. WENTWORTH

No. 3122

February 4, 1936.          53 P. (2d) 1193.

*C. E. Robins* and *Thos. J. Salter,* for Appellant:

*H. J. Murrish,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This appeal is from a judgment and decree of foreclosure of labor liens in an action brought by respondent for himself and as the assignee of seven other lien claimants. The labor for which the liens were filed was performed at the instance and request of the American Milling & Mining Company, lessee, upon a certain claim belonging to appellant. Among other findings, the district court found as follows: "That it is true that Jane George, defendant, posted in a conspicuous place upon said property and land, within three days after she had obtained knowledge of work and labor performed, or about to be performed, as alleged in the first amended complaint herein, on said property a notice in writing to the effect that she would not be

responsible for the same, but that she failed to, and never did, file a duplicate original of such posted notice with the recorder of the county where said property and land is situated, together with an affidavit attached thereto, showing such posting of the original notice; and that on the 2d day of May, 1934, plaintiff filed with the county recorder of Pershing county, Nevada, a claim of lien, a copy of which was attached to the amended complaint on file herein, made a part thereof, marked 'Exhibit A.' "

The failure of appellant, as so found, to make such filing presents the only question on review. Appellant contends that the posting alone, as found by the lower court, was sufficient notice of nonliability to prevent the liens from attaching, and that, therefore, the decree rendering her property subject to them is against law. Section 3735 N. C. L. authorizes a lien upon a mine for work or labor performed in or upon a mine, and section 3739 N. C. L., and succeeding sections, provide the manner of perfecting a lien authorized by the foregoing section.

The statute directly involved, which provides for notice of nonresponsibility, reads: "Every building or other improvement mentioned in section 1 of this act [section 3735 N. C. L.], constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any. lien filed in accordance with the provisions of this chapter, unless such owner or person having or claiming an interest therein shall, within three days after he shall have obtained knowledge of the construction, alteration or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situate thereon, and also

shall, within five days after such posting, file a duplicate original of such posted notice with the recorder of the county where said land or building is situated, together with an affidavit attached thereto showing such posting of the original notice. Such filing shall be prima-facie evidence of said posting." Section 3743 N. C. L.

■ That part of the section providing for the filing of a duplicate original of the posted notice with the recorder was added by amendment in 1917 (chapter 232), and appellant insists that the sole purpose of this later legislation was to enable the owner to establish prima-facie evidence of the due posting of the notice. It is argued that it is intended for his benefit and that the filing may be done or omitted at his pleasure. We are not inclined to give the provision such restricted significance. It is clearly mandatory, and while designed to establish a rule of evidence, was also intended to impose an additional requirement upon an owner in order to exempt his property from the effect of a lien claim.

Appellant finds analogy in the provision for recording a mining claim (section 4122 N. C. L.) which prescribes that: "Any record of the location of a lode mining claim which shall not contain all the requirements named in this section shall be void. * * * And any such record * * * shall be prima-facie evidence of the facts therein stated." In this connection we are referred to the case of Ford v. Campbell, 29 Nev. 578, 92 P. 206, in which it was held that such recording is not essential to the validity of a location.

The provision for recording a mining claim and the provision for filing a notice of posting are not similar.

The intention on the part of the lawmakers, in enacting the former, that a failure to comply with the requirement would affect only the record, and the rule of evidence designed for the benefit of the locator, is clear. On the other hand, an intention to limit the effect of a failure to file a duplicate notice solely to depriving the lien claimant of so proving a prima-facie case is not apparent in the statute before us.

■ The statute in express terms declares that unless both the posting and filing are done as prescribed, the interest owned or claimed in the property shall be subject to any lien duly filed. This part of the section corresponds exactly in its mandatory form, and substantially in other respects, to the California statute (section 1192 Code of Civil Procedure), and the courts of that state hold both posting and filing necessary on the part of the owner of the premises to relieve himself from liability. Pasqualetti v. Hilson, 43 Cal. App. 718, 185 P. 693; Leoni v. Quinn et al., 189 Cal. 622, 209 P. 551. See, also, Barr Lumber Co. v. Perkins (Cal. App.), 295 P. 552.

But appellant pins her claim that it was not intended that the filing should be essential to secure nonliability on the sentence in the section: "Such filing shall be prima-facie evidence of said posting," which does not appear in the California statutes. This part of the section means exactly what it says. It cannot be construed further to vary the plain meaning and command of the provisions that precede it in the statute. It prescribes merely a rule of evidence. Provisions by which the owner may escape liability for improvements on his property must be strictly construed. Barr Lumber Co. v. Perkins (Cal. App.) 295 P. 552; Pasqualetti v. Hilson, 43 Cal. App. 718, 185 P. 693.

We are referred to the cases of Nichols v. Levy, 55 Nev. 310, 32 P. (2d) 120, 121, and Reno Plumbing & Heating Co. v. Bickel et al., 55 Nev. 367, 35 P. (2d) 302, 303, and it is insisted that it is implied from the reasoning of the court in those cases that filing is not essential to effect nonliability. It is sufficient to say in this regard that the point here under consideration was not involved or determined in either of those cases. This court will not hold itself bound by any part of an opinion which was not needful to the determination of the particular question involved.

The judgment is affirmed.